FILED
United States Court of Appeals
Tenth Circuit

February 13, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

TERRY MARGHEIM,

     Plaintiff - Appellant,

v.

KENNETH R. BUCK, Weld County
D.A.; EMELA BULJKO, Weld
County Deputy District Attorney;
GREELEY POLICE CHIEF; JOHN
BARBER; STEPHEN PERKINS;
MR. ELLIS, unknown named
employees of Greeley Police
Department,

     Defendants - Appellees.

No. 18-1138
(D.C. No. 1:12-CV-01520-WJM-NYW)
(D. Colo.)

_____

ORDER AND JUDGMENT*
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

This case stems from a suit by Mr. Terry Margheim against a district

attorney, a deputy district attorney, and various police officers. Mr.

---

\*    Oral argument would not materially aid our consideration of the
appeal, so we have decided the appeal based on the briefs. *See* Fed. R.
App. P. 34(a)(2); Tenth Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited if otherwise appropriate. *See* Fed.
R. App. P. 32.1(a); Tenth Cir. R. 32.1(A).

Margheim initially asserted claims for false arrest, false imprisonment, supervisory liability, and municipal liability. The district court dismissed these claims but allowed Mr. Margheim to amend the complaint by asserting only a claim of malicious prosecution against the deputy district attorney. In a prior appeal, we concluded that the deputy district attorney was entitled to qualified immunity on the claim of malicious prosecution. Given this conclusion, we remanded for the district court to dismiss the claim against the deputy district attorney. The district court complied and entered judgment for all of the defendants.

Mr. Margheim then requested appointment of counsel and moved to alter or amend the judgment. The district court declined to appoint counsel and denied the motion to alter or amend the judgment. We affirm.

On the request to appoint counsel, Mr. Margheim argued that he needed an attorney to petition for a writ of certiorari from the United States Supreme Court. The district court declined to appoint counsel, and we review that ruling for an abuse of discretion. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). In conducting this review, we consider the district court's reasoning. The court assumed that Mr. Margheim was requesting an attorney to seek certiorari in his earlier appeal. For that appeal, however, the time to seek certiorari had passed roughly seven months before the district court denied his request. Given expiration of the deadline, the district court's reasoning was correct.

The defendants point out that Mr. Margheim might have been referring to a petition for a writ of certiorari in the current appeal. If so, however, a petition would have been premature when Mr. Margheim sought counsel. It is only now (with this order and judgment) that there is a decision for the Supreme Court to consider on certiorari review. So the district court did not err in declining to appoint counsel.

The court not only declined to appoint counsel but also denied the motion to alter or amend the judgment, concluding that Mr. Margheim had waited too long to reassert his claims for false arrest and false imprisonment. We agree with the district court.

For the claims of false arrest and false imprisonment, Mr. Margheim included theories of supervisory and municipal liability. The district court rejected these theories based on an absence of personal participation or supervisory liability. Mr. Margheim then reasserted these claims through a motion to alter or amend the judgment. The district court denied relief based on the absence of a constitutional injury. We agree with the district court's reasoning.

Mr. Margheim also insists that the district court should not have dismissed the claim of malicious prosecution.[1] We need not decide the

---

[1]     Mr. Margheim also contends that our court erred in the prior appeal. But our panel is bound by the earlier panel decision. *See, e.g.*, *Vehicle Mkt. Res., Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1256 (10th Cir. 2016)

standard of review because Mr. Margheim's argument would fail under any standard. The district court dismissed this claim only because our court had rejected Mr. Margheim's argument in his earlier appeal. Our issuance of the mandate in the prior appeal required the district court to dismiss this claim. *United States v. Alvarez*, 142 F.3d 1243, 1247 (10th Cir. 1998). So the district court did not err in dismissing the claim.

Affirmed.[2]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

("After an appeal, the decision of the appellate court establishes the law of the case and ordinarily will be followed by both the trial court on remand and the appellate court in any subsequent appeal." (internal quotation marks omitted)).

[2] We grant Mr. Margheim's motion for leave to proceed in forma pauperis.